Barnard, P J
Before the Oriminal Code was passed an accessory to a crime before the fact could not be indicted as principal. It was only a form of criminal pleadings and procedure, however, as the punishment was the same as if the accessory had been a principal. 2R, g., ■699, § 6.
The evidence to prove guilt was the same 'except that the conviction of the principal had to be proven in order to convict an accessory before the fact. The procedure was cumbrous, and there was never any good reason why the *496 person who committed a crime by means of another when he was not actually present should not be deemed a principal. The Penal Code made a different rule. It provided that a person who committed the act, and the person who-aided and abetted its commission, .whether present or absent, were both principals. Section 29.
The indictment in this case is for the unlawful procuring of a miscarriage upon the person of a pregnant woman under section 294 of the Penal Code.
The defendant and two others were charged as principals in doing the act complained of, and it appears, by the testimony, that the appellant procured the other defendants to actually use the means which were designed to and did produce the miscarriage. The section of the Penal Code (29) having made all principals as in cases of misdemeanor-before the Code, the rule now is that all who procure the commission of felonies, whether present or absent, are-principals, and should be indicted as such.
The case of The People v. Dumar (11 N. Y. State Rep., 19) is not an authority for the appellant upon the question raised. In that case a defendant had been indicted for stealing, taking and carrying away property The court held that he could not be convicted of obtaining the same by false pretenses, although by the Penal Code both of • fenses were made grand larceny.
The facts charged, and those proven, were so different as. to be a matter of substance, and not of forms. The pregnant woman referred to in the indictment was not an accomplice within the decison of the case. The testimony of' the witnesses Shield and Erwin was not objected to, and,, moreover, was proper.
The accused had called one Mrs. Woods as a witness,, who gives testimony tending to show facts favorable to him. Upon cross-examination they were asked specific questions tending to show admissions and statements to-the witnesses Shield and Erwin, which were not at all in harmony with the testimony on the trial; it was within the strict rule which governs the impeachment of a witness. The charge of the judge took nothing from the jury. He stated that the complaint was a grave one, but distinctly left it to the jury to find the facts upon which a conviction was claimed, and accompanying a direction to them that, they could not find guilty unless guilt was proven.
The conviction should be affirmed.
Pratt and Dykmar, JJ., concur.